**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4075**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TAIWAN JERMAINE SMITH,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Elizabeth City.   Terrence W.
Boyle, District Judge.  (2:13-cr-00006-BO-1)

Submitted:  February 25, 2015          Decided:  March 18, 2015

Before KEENAN and FLOYD, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North
Carolina, for Appellant.   Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Taiwan Smith appeals his sentence following a guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). Smith's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he found no meritorious grounds for appeal but questioning whether Smith's plea was knowing and voluntary, Smith received the effective assistance of counsel, and Smith's sentence was substantively reasonable. Smith filed a pro se supplemental brief arguing that his sentence was procedurally unreasonable because he did not plead guilty to a felony under N.C. Gen. Stat. § 20-141.5 (2013),[1] and did not qualify for sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2012).

After our initial review pursuant to Anders, we directed the parties to file supplemental briefs regarding whether the district court adequately addressed Smith's argument that he did not qualify for sentencing under ACCA. In the supplemental brief, Smith's counsel argues that the district court erred by

---

[1] Smith notes that the presentence report referred to the offense as "Fleeing to Elude Arrest," but that the statute under which he was convicted is entitled, "Speeding to elude arrest; seizure and sale of vehicles." See N.C. Gen. Stat. § 20-141.5. However, offenses under § 20-141.5 are sometimes referred to as "fleeing to elude arrest." See, e.g., State v. Mulder, 755 S.E.2d 98, 106 (N.C. Ct. App. 2014).

relying on the information in the presentence report and failing to make findings regarding whether Smith had been convicted of a felony violation of § 20-141.5. The Government responds that the district court's summary adoption of the factual allegations of the presentence report was proper because Smith had provided no evidence that those facts were inaccurate, and alternatively argues that any error is harmless. Having carefully reviewed the record in light of the parties' supplemental briefs, we affirm.

We first address Smith's argument questioning the sufficiency of the plea colloquy but points to no specific error. Because Smith did not move to withdraw his plea, we review his Rule 11 hearing for plain error, United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014), and will reverse only if Smith "show[s] a reasonable probability that, but for error, he would not have entered the plea," United States v. Davila, 133 S. Ct. 2139, 2147 (2013) (internal quotation marks omitted). Although the district court failed to fully comply with several requirements of Rule 11, see Fed. R. Crim. P. 11(b)(1)(A), (D), (H), (J)-(M), (O), 11(b)(2), 11(c)(3)(B), most of these omissions were ameliorated by the information provided in Smith's plea agreement, and there is no indication that Smith would not have entered his guilty plea had the district court

more fully complied with Rule 11.  Accordingly, we affirm Smith's conviction.

Smith next argues that his sentence is procedurally unreasonable because the district court erred in concluding, based on inadequate information in the PSR, that his conviction under § 20-141.5 was a violent felony for purposes of ACCA.

A violation of § 20-141.5 is a violent felony for purposes of the ACCA if it is punishable by more than one year of imprisonment.[2]  See United States v. Roseboro, 551 F.3d 226, 236, 238 n.5, 239 (4th Cir. 2009) (noting that felony conviction under § 20-141.5 would be violent felony), abrogated on other grounds by United States v. Rivers, 595 F.3d 558 (4th Cir. 2010).  Whether a violation of § 20-141.5 is punishable by more than one year of imprisonment depends on whether certain factors listed in that statute are present, as well as the defendant's prior record and the applicability of an aggravated or mitigated sentencing range.  See N.C. Gen. Stat. §§ 15A-1340.17, 15A-1340.23, 20-141.5(a), (b) (2013); see also United States v. Valdovinos, 760 F.3d 322, 326 (4th Cir. 2014) (discussing North Carolina's sentencing scheme).

---

[2] Smith contends in his pro se supplemental brief that his offense was not a violent offense because it did not involve a motor vehicle.  After reviewing the record, we reject his contention.

Regardless whether the district court erred in determining that Smith's prior crime was a violent felony based only on the information in the PSR, we conclude that any such he error is harmless. The Government has submitted certain state-court records confirming that Smith's § 20-141.5 violation was a felony. See, e.g., Lolavar v. de Santibanes, 430 F.3d 221, 224 n.2 (4th Cir. 2005) (taking judicial notice of state-court records). Moreover, Smith does not dispute the presentence report's finding that he received a suspended sentence of 11-14 months' imprisonment for this offense. Because the record clearly indicates that Smith's § 20-141.5 violation was a felony under the ACCA, Smith cannot demonstrate procedural error.

Turning our attention to substantive reasonableness, we presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding appellate presumption of reasonableness for within-Guidelines sentence). Smith has failed to rebut this presumption. Accordingly, we conclude that Smith's sentence is substantively reasonable.

We decline to reach Smith's claim that counsel was ineffective. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v.

Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that this claim should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the entire record in this case and have found no other potentially meritorious grounds for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Smith, in writing, of his right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED